UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20517-CR-ALTONAGA

UNITED STATES OF AMERICA

v.

JOSE GREGORIO PALENCIA,

Defendant.

_____/

## JOSE PALENCIA'S OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT

The defendant, **JOSE GREGORIO PALENCIA**, through undersigned counsel, respectfully submits the following corrections and objections to the Pre-Sentence Investigation Report ("PSI"). In support, Mr. Palencia states the following:

### Objections to the PSI[1]

**PART A. THE OFFENSE**

#### The Offense Conduct

9. Mr. Palencia objects to the conclusion that his vessel was located "in international waters and upon the high seas." Mr. Palencia disputes that the vessel was subject to the jurisdiction of the United States.

11. Mr. Palencia objects to the statement that "the helicopter employed warning shots, which were ineffective" and that the "helicopter was then forced to employ

---

[1] For ease of reference, the corrections and objections herein correspond to the paragraphs in the PSI.

disabling fire on the GFV, which was effective."

12. Mr.. Palencia objects to PSI"s factual representation regarding the boarding of the vessel. The facts are incorrect and contrary to the evidence developed during the evidentiary hearing. Specifically, the boarding team never inquired who the individual in charge of the vessel was.

### Role Assessment

15. Mr. Palencia objects to the failure of the PSI to award him four level reduction under Section 3B1.2(a) for his minimal role in the offense. Section 2B1.2 of the Sentencing Guidelines provides "(a) If the defendant was minimal participant in any criminal activity decrease by four levels . . . " According to the Commentary to Section 3B1.2, a "minimal participant" is one "who plays a minimal role in concerted activity. It is intended to cover defendants who are plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role as minimal participant." The Court has significant discretion in determining a defendant's role in the offense. *See United States v. De Varon*, 175 F.3d 930, 946 (11th Cir. 1999)(*en banc*).

In the instant case, the facts confirm that Mr. Palencia was a minimal participant. First, he did not participate in the planning of the voyage and had no decision making authority. Indeed, he did not even know where the vessel was headed or how much cocaine was on board the vessel. Second, there is no evidence that Mr. Palencia recruited any other individual. Third, there is no evidence that Mr. Palencia

had any equity interest in the drugs being transported.  Mr. Palencia was solely paid to assist with the transportation of the drugs. Lastly, there is no evidence that he had any prior contact with any the individuals supplying the cocaine or accepting the drugs.  His sole role was to transport the drugs  to a predetermined and undisclosed location.

In conclusion, Mr. Palencia had no planning in the scheme; no control over the means or methods used; no decision making authority; and no role in the distribution. Mr. Palencia's role is in comparison to the other more important and necessary members, minor in comparison. He assumed the most risk by helping to move the drugs from one location to another.  In the instant case, Mr. Palencia clearly did not know "the scope and structure of the enterprise and all of the activities of others [in it]" – which is, in itself, "indicative of a role as minimal participant." *See* U.S.S.G. §3B1.2, (n.4).

### Adjustment for Obstruction of Justice

17.    Mr. Palencia objects to the PSI's recommendation that a two-level enhancement for obstruction of justice under U.S.S.G. § 3C1.2.  Specifically, the PSI suggests that this enhancement applies because the "United States Coast Guard had to employ warning and disabling fire upon the go-fast vessel" and "recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."  The PSI is wrong.

First, flight alone does not support application of the obstruction of justice enhancement.  *See United States v. Wilson*, 392 F.3d 1243, 1247 (11th Cir. 2004)(the

text of section 3C1.2 is clear that flight alone is insufficient to warrant an enhancement under this section).

Second, as stated in the guidelines, there must be "another person" as to whom the risk of injury is created; not simply "a participant in the offense who willingly participated in the flight." *See* §3C1.2 app. n. 4.  In the instant case, there were only three persons in the go-fast vessel that was the target of the Coast Guard's fire.  All three have been charged in this case and there is no evidence that there was anyone else in the vicinity who would have been at risk due to their flight. Accordingly, the obstruction of justice enhancement does not apply.

### Adjustment for Safety Valve

19.  Mr. Palencia objects to the lack of safety valve credit under §5C1.2(a)(5). Mr. Palencia has been fully debriefed and provided a complete and truthful statement to the government in this case.  Thus Mr. Palencia has met all the criteria required for safety valve and requests that the Court apply the 2-point reduction.

### Zero Point Criminal History Reduction § 4C1.1

On November 1, 2023, the Sentencing Guidelines will likely introduce Section 4C1.1, which reduces an otherwise qualifying defendant's offense level by 2 points if he has zero criminal history points. This Guideline Amendment is based on the Sentencing Commission's analysis of empirical evidence and its conclusion that first time offenders that are non-violent and not sexual deviants are unlikely recidivists. Mr. Palencia will qualify for this reduction and deserves this reduction. Granting Mr. Palencia the reduction now will save

the Court's resources because he will not have to retroactively apply for it.

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

### Other Criminal Conduct

33.  Mr. Palencia objects to the PSI statement that he was charged in "Ct. 1: Alien Inadmissibility Under Section 212." Mr. Palencia has not been charged with any immigration offenses and it was the government that brought Mr. Palencia to the United States as a result of his arrest.

Respectfully submitted,

**PIÑERA-VAZQUEZ LAW FIRM**
International Center
1900 Southwest 3rd Avenue
Miami, Florida 33129
Tel:  (305) 443-0629

      /s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez
Florida Bar Number 821537

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on September 11, 2023, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF.

      /s/ Silvia B. Piñera-Vazquez
Silvia B. Piñera-Vazquez, Esq.